IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HERMAN CHAMBERS,
     Petitioner,

v.                          Case No.  5:11cv319/MP/CJK

FLORIDA PAROLE COMMISSION,
     Respondent.

_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).  Respondent has filed a Notice of Prior Action, arguing that the petition is an unauthorized second or successive habeas corpus application. (Doc. 8).  Respondent's Notice is accompanied by documentation that petitioner sought, and was denied leave to submit a second or successive § 2254 petition. (*Id.*).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A), and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a Florida prisoner challenging the revocation of his parole, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C.

§ 2254.  (Doc. 1).  Petitioner admits on the petition form that he previously filed a §
2254 petition challenging his parole revocation.  (*Id.*, p. 3).  The Court takes judicial
notice of its own records which reflect that petitioner filed a § 2254 petition in this
Court on February 8, 2006.  *See Chambers v. Fla. Parole Comm'n*, Case Number
4:06cv64/RH/WCS.  The Court transferred the petition to the United States District
Court for the Middle District of Florida, where it was assigned Case Number
8:06cv2029.  (Doc. 1, p. 3; *see also* Northern District Case Number 4:06cv64, docs.
13, 14 and Middle District Case Number 8:06cv2029, doc. 1).  The Middle District
dismissed the petition as time-barred.  (Doc. 1, p. 3; *see also* Middle District Case
Number 8:06cv2029, doc. 5).  The Eleventh Circuit affirmed on December 7, 2007.
*Chambers v. Fla. Parole Comm'n*, 257 F. App'x 258 (11th Cir. 2007).

On August 11, 2011, petitioner applied to the Eleventh Circuit for an order
authorizing him to file a second or successive § 2254 petition.  (Doc. 8, Ex. A).  The
Eleventh Circuit denied the application on September 15, 2011.  (*Id.*, Ex. B).
Petitioner initiated the instant § 2254 proceeding a few days later.  (Doc. 1).  On
December 19, 2011, the Court directed petitioner to show cause within thirty days
why this case should not be dismissed by filing an order from the Eleventh Circuit
authorizing him to file a second or successive § 2254 petition.  (Doc. 9).  Petitioner
was warned that failure to comply with the order would result in a recommendation
that this case be dismissed.  To date, petitioner has neither responded to the December
19, 2011 order, nor submitted the requisite authorization.

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive
[habeas corpus] application . . . is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also*  Rule 9, Rules Governing Section 2254 Cases (2011).  A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court.  *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).  The instant petition is an unauthorized second or successive habeas corpus application, and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That petitioner's habeas corpus petition brought under 28 U.S.C. § 2254 (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2.  That the clerk be directed to close the file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 31st day of January, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).